In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2137

MARC NORFLEET,

*Plaintiff-Appellant*,

*v.*

ROGER E. WALKER, JR., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:10-cv-626-JPG-PMF—**J. Phil Gilbert**, *Judge*.

SUBMITTED MAY 16, 2012—DECIDED JULY 2, 2012

Before POSNER, MANION, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff is an Illinois prisoner who alleges that he is confined to a wheelchair because of a "nerve condition" not further defined. He brought this suit against several of the prison's employees, complaining among other things that by refusing to allow him to engage in any physical outdoor recreational activity they have both subjected him to cruel and unusual punishment and violated his rights under the Americans with Disabilities Act. All the

claims except the statutory claim were properly dismissed for reasons adequately explained by the district judge. We confine our discussion to that claim.

The plaintiff alleges—as yet without contradiction, because the district judge dismissed the suit before the defendants filed anything—that the defendants won't allow a disabled inmate to engage in outdoor recreation unless at least nine other disabled inmates want to do so as well and that as a result of this quorum requirement (cf. *Garza v. Miller*, 688 F.2d 480, 483, 486-87 (7th Cir. 1982)) he went seven consecutive weeks without any such recreation.

The quorum rule seems arbitrary, especially since recreation, including aerobic exercises that cannot be performed in a cell (the plaintiff is in segregation, meaning he's confined to his one-person cell 23 hours a day), is particularly important to the health of a person confined to a wheelchair. E.g., James H. Rimmer, "Exercise/Fitness: Resistance Training for Persons with Physical Disabilities" (National Center on Physical Activity and Disability, Dec. 21, 2005), www.ncpad.org/exercise/fact_sheet.php?sheet=107 (visited June 26, 2012). "Aerobic training promotes weight loss, increases energy and improves cardiovascular conditioning . . . . Activities that can be performed are wheelchair basketball, wheelchair volleyball and wheelchair tennis. A recommended aerobic sport can be wheelchair racing. The benefits of this activity are that you can perform the race at your own pace. Wheelchair racing can be done by pushing your wheelchair on a running track or in a neighbor-

hood. Start out each workout with light intensity to warm up the muscles. As you feel more comfortable add more intensity to the workout by racing at a faster pace." Matthew Potak, "Exercise Routine for Disabled People Wheelchairs," http://voices.yahoo.com/exercise-routine-disabled-people-8467447.html (visited June 26, 2012); see also Jae Ireland, Livestrong.com, "Exercises for People in Wheelchairs," Apr. 29, 2012, www.livestrong.com/article/108802-exercises-people-wheelchairs/ (visited June 26, 2012). Whether seven weeks without such recreation can result in serious harm to someone in the plaintiff's condition is a separate question not yet addressed in the litigation.

The only statute cited by the plaintiff, the Americans with Disabilities Act, may not be available to him, because it is an open question whether state officers are immune from suits under that Act. *United States v. Georgia*, 546 U.S. 151, 158-59 (2006). But the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, is available to him, and courts are supposed to analyze a litigant's claims and not just the legal theories that he propounds, *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 743 (7th Cir. 2010); *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003)—especially when he is litigating pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The plaintiff sued the defendants in their official capacity, and so the lawsuit is against a state agency—and one that happens to receive federal financial assistance, which brings the agency within the scope of the Rehabilitation Act. 29 U.S.C. § 794; *Cutter v. Wilkinson*, 544 U.S.

709, 716 n. 4 (2005); *Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003). To be wheelchair-bound is to be disabled within the Act's meaning. 29 U.S.C. § 705(9)(B); 42 U.S.C. § 12102(1)(A). And the plaintiff alleges that it was because of his disability that he was denied recreation, which is a "program or activity" under the Act. *Crawford v. Indiana Department of Corrections*, 115 F.3d 481, 483 (7th Cir. 1997); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). So the suit was dismissed prematurely.

The only obstacle to our reversing is that the plaintiff's brief in this court mainly just directs us to the brief he filed in the district court seeking reconsideration of the judge's dismissal of his complaint. The incorporation of arguments by reference in an appellate brief is forbidden. *Albrechtsen v. Board of Regents*, 309 F.3d 433, 436 (7th Cir. 2002); *United States v. Soto-Beniquez*, 356 F.3d 1, 43-44 (1st Cir. 2003); *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 452 (6th Cir. 2003). The main reasons are to prevent evasion of the limits on the length of such briefs and to ensure that the party's arguments engage with the findings and analysis in the decision appealed from. *Fleming v. County of Kane*, 855 F.2d 496, 498 (7th Cir. 1988) (per curiam); *Prudential Ins. Co. v. Sipula*, 776 F.2d 157, 161 n. 1 (7th Cir. 1985); *Northland Ins. Co. v. Stewart Title Guaranty Co., supra*, 327 F.3d at 453. A subordinate reason is that the appellate judges may not have immediate access to the brief in which the arguments incorporated by reference appear.

None of these concerns is presented by the plaintiff's manner of appealing in this case, unconventional as it is.

He copied into his appellate brief the brief that he asks to be incorporated, and the entire appellate brief, including the incorporated brief, does not exceed our page limits. The incorporated brief *is* sharply focused on the district court's decision; it is a brief in support of a motion for reconsideration, and the judge's order denying reconsideration did not significantly supplement his original discussion of the recreation issue. A proper appellate brief would be materially identical to that brief.

The reported cases that recite and enforce the rule against incorporation do not involve pro se litigants, who can be excused from full compliance with technical procedural rules provided there is substantial compliance. *Correa v. White*, 518 F.3d 516 (7th Cir. 2008) (per curiam); *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). We are inclined therefore to forgive the plaintiff's violation of the rule forbidding incorporation by reference—a violation that can't have caused any harm to anybody, that was therefore merely technical, and that did not prevent substantial compliance.

There are unanswered questions about the statutory claim, and if the plaintiff were represented we might deem the complaint insufficient under the enhanced pleading standard imposed by *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). But as a pro se (as well as a prisoner and thus severely limited in his ability to conduct the kind of precomplaint investigation required by *Iqbal*), the plaintiff has pleaded enough to avert dismissal. Cf. *Munson v. Gaetz*, 673 F.3d 630, 632-33 (7th Cir. 2012); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). We

therefore vacate the judgment and remand the case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.