**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2016[*]
Decided February 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2267

| | |
|---|---|
| STEVEN WRIGHTSMAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:15-cv-00087 |
| MARION THATCHER and | |
| RON NEAL, | Theresa L. Springman, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Steven Wrightsman, an Indiana prisoner, challenges the dismissal of his complaint brought under 42 U.S.C. § 1983. Wrightsman claims that he is being denied equal protection because other inmates in an "Honor Program" at his prison are rewarded with privileges not available to him and others in the general population. Because Wrightsman's complaint does not state a claim, we affirm the dismissal.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

Wrightsman named as defendants the superintendent and the administrator of the Honor Program at the prison where he is incarcerated. According to Wrightsman, the inmates accepted into the Honor Program are allowed special privileges, including more time outside their cells, up to twice as many visits, exclusive access to video games, and greater availability of exercise machines and microwaves. To be eligible, inmates must be at least 30 years old (previously the minimum age was 35) and cannot have committed an infraction of any type for 24 months or an infraction involving violence for 48 months. Wrightsman attached to his complaint a grievance complaining that he was being excluded from the Honor Program because of his age, not because of misconduct. Wrightsman was 33 when he submitted that grievance in 2014, so apparently the minimum age had not yet been lowered to 30. In his complaint Wrightsman asserts that he is being treated "disparately without any relation to a legitimate penal interest," but he also explains that he is not interested in admission to the Honor Program.

At screening, *see* 28 U.S.C. § 1915A, the district court interpreted Wrightsman's complaint as raising a claim of age discrimination but reasoned that the program's age classification is presumptively rational and thus the complaint fails to state a claim. Wrightsman moved for reconsideration, clarifying that he is not claiming age discrimination and repeating that he does not seek entrance into the Honor Program. Rather, he insisted, he meets the criteria for participation in the program and thus, even without applying, should receive the same benefits as prisoners who are accepted into the program. The district court denied this motion.

On appeal Wrightsman essentially argues that the Equal Protection Clause guarantees inmates in the general population the same privileges given to prisoners accepted into the Honor Program. He has "tried to get these rewards, but nothing worked," Wrightsman says, even though he sees himself as a "role model inmate." Wrightsman has never asserted, though, that he applied for entry into the Honor Program after becoming age eligible. Nor has he said that he was ever turned away for a reason other than his age.

Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently if the unequal treatment is rationally related to a legitimate penological interest. *See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439–41 (1985); *Johnson v. Daley*, 339 F.3d 582, 585–86 (7th Cir. 2003) (en banc); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000). A presumption of rationality applies, and a classification will be set aside only if no ground can be conceived to justify it. *See Ind.*

*Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015); *Johnson*, 339 F.3d at 586.

Wrightsman cannot overcome this presumption, as there are obvious justifications for extending preferential treatment to inmates in the Honor Program. Age can be used permissibly as a proxy for maturity, *see Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 83–84 (2000); *Stiles v. Blunt*, 912 F.2d 260, 267–68 (8th Cir. 1990), and conditioning benefits on demonstrated good behavior encourages rehabilitation, institutional security, and the safety of inmates, staff and visitors, *see McGinnis v. Royster*, 410 U.S. 263, 271–73 (1973); *Singer v. Raemisch*, 593 F.3d 529, 535 (7th Cir. 2010); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Woodson v. Attorney Gen.*, 990 F.2d 1344, 1349–50 (D.C. Cir. 1993). In his appellate brief, Wrightsman even concedes that the purpose of the program is to "reward good behavior of inmates." And though Wrightsman asserts that the Honor Program violates the Equal Protection Clause because prisoners meeting the admission criteria cannot be rewarded without applying to the program, there are many rational reasons for requiring an application to evaluate the prisoner before awarding benefits. *See Mcginnis*, 410 U.S. at 272–73.

Wrightsman incurred one "strike" for filing his complaint and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g); *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.