In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2458

TERRANCE FLYNN,

*Plaintiff-Appellant,*

*v.*

MARION THATCHER and RON NEAL,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15 CV 66 — **Jon E. DeGuilio**, *Judge.*

SUBMITTED APRIL 13, 2016 — DECIDED APRIL 14, 2016

Before FLAUM, RIPPLE, and HAMILTON, *Circuit Judges.*

PER CURIAM. Terrance Flynn, an Indiana prisoner, appeals the dismissal of his suit brought under 42 U.S.C. § 1983, in which he claims that he is being denied equal protection because he does not receive the same privileges as participants in an inmate "Honor Program." Because we agree with the district court that Flynn's complaint fails to state a claim, we affirm the dismissal.

Flynn's complaint is familiar. We recently affirmed the dismissal of a nearly identical complaint brought by another inmate at the same Indiana prison. *See Wrightsman v. Thatcher*, No. 15-2267, 2016 WL 684002 (7th Cir. Feb. 19, 2016) (nonprecedential decision). As in the previous lawsuit, Flynn claims that the prison superintendent and the administrator of the Honor Program have impermissibly favored partici-pants by allowing them more time outside their cells, up to twice as many visits, exclusive access to video games, and greater availability of exercise machines and microwaves. To be eligible for the Honor Program, inmates must be at least 30 years old (previously the minimum age was 35) and can-not have committed an infraction of any type for 24 months or an infraction involving violence for 48 months. Flynn has not disclosed his age, but he alleges that his first application to the program was denied because he was not yet 35 years old. He reapplied after the minimum age was lowered to 30 but again was denied admission, this time because both the program and the waiting list were full. Flynn asserts that the defendants violated his right to equal protection by treating him "disparately without any relation to a legitimate penal interest" and "by engaging in age discrimination without rational basis." He explains that he does not seek entry into the Honor Program but rather seeks the same privileges as those inmates in the program.

At screening, *see* 28 U.S.C. § 1915A, the district court con-strued the complaint as raising a claim of age discrimination and dismissed it for failure to state a claim. The court rea-soned that using age as a proxy for maturity is rationally re-lated to admission to a program that confers greater trust and responsibility to inmates. Flynn moved for reconsidera-

tion, arguing that the district court had addressed only his claim of age discrimination but ignored his "primary" equal-protection claim. The district court denied this postjudgment motion.

On appeal Flynn has abandoned his claim of age discrimination. He maintains, however, that he has been denied equal protection because as an inmate in the general population he does not receive the same privileges as the inmates accepted into the Honor Program.

Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. *See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439–42 (1985); *Johnson v. Daley*, 339 F.3d 582, 585–86 (7th Cir. 2003) (en banc); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000). Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived. *See Ind. Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015); *Johnson*, 339 F.3d at 586.

There are obvious reasons to extend preferential treatment to inmates in the Honor Program. Conferring benefits to those with a history of good behavior encourages rehabilitation, institutional security, and the safety of inmates, staff, and visitors. *See McGinnis v. Royster*, 410 U.S. 263, 270–73 (1973); *Singer v. Raemisch*, 593 F.3d 529, 535 (7th Cir. 2010); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Woodson v. Attorney Gen.*, 990 F.2d 1344, 1349–50 (D.C. Cir.

1993). Even Flynn concedes in his appellate brief that the program "rewards" prisoners "for good behavior." He argues, however, that there can be no valid reason to deny him the same privileges because he has demonstrated the same good behavior and meets all of the criteria for admission. But there are many rational reasons for requiring an application to evaluate the prisoner before awarding benefits. *See McGinnis*, 410 U.S. at 272–73.

Flynn incurred one "strike" for filing his complaint and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g); *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

Accordingly, the judgment of the district court is AFFIRMED.