In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1400

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEON FADDEN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 15-cr-100 — **William M. Conley**, *Judge.*

ARGUED SEPTEMBER 12, 2017 — DECIDED NOVEMBER 1, 2017

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge*. A grand jury returned a three-count indictment against Leon Fadden for conduct related to bankruptcy fraud. Before trial, Fadden proposed a theory-of-defense jury instruction for Counts 1 and 2. The district court rejected that instruction, instead reciting the Seventh Circuit Pattern Instructions. A jury convicted Fadden of all three counts. Fadden now appeals his convictions on Counts 1 and

2, arguing that the district court denied him a fair trial by refusing to read the jury his theory-of-defense instructions. We affirm.

## I. BACKGROUND

Leon Fadden believed that the Internal Revenue Code did not apply to him. From 2005 to 2013, he earned over $100,000 per year but did not submit tax returns. After an audit, the IRS determined that Fadden owed back taxes and began to garnish his wages.

Facing further levies on his paycheck, Fadden filed for bankruptcy. This filing triggered an automatic stay that prevented the IRS from collecting during his bankruptcy case. The following month, Fadden filed bankruptcy schedules—forms in which the debtor lists financial information such as debts, assets, income, and expenses. There, Fadden claimed that he had no legal, equitable, or future interest in any real property. He also claimed that he had no interest in any decedent's life insurance policy or estate.

But Fadden's schedules did not tell the whole story. Before he filed for bankruptcy, Fadden knew that he would receive proceeds from the sale of his mother's home—at the time listed by the executor of his mother's estate for $525,000. And Fadden knew that he would receive thousands of dollars as a beneficiary on two of his mother's life insurance policies.

Three days before Fadden was scheduled to meet with the bankruptcy trustee—and more than a week after filing his schedules—Fadden spoke to a paralegal in the U.S. Trustee's Office. During that conversation, Fadden mentioned for the first time that he was entitled to an inheritance and asked to postpone his bankruptcy. But when Fadden finally met with

his bankruptcy trustee and an attorney for the U.S. Trustee, he confirmed that his schedules were accurate and denied receiving an inheritance. He also denied having spoken to the paralegal at the U.S. Trustee's Office.

A grand jury returned a three-count indictment against Fadden for his failure to report these assets and for his statements during the meeting. Count 1 charged him with violating 18 U.S.C. § 152(1) by concealing assets in bankruptcy. Count 2 charged him with violating 18 U.S.C. § 152(3) by making false declarations on his bankruptcy schedules and statement of financial affairs. Count 3 charged him with violating 18 U.S.C. § 1001(a)(2) by making false statements during the investigation of his bankruptcy.

Counts 1 and 2 required the government to prove that Fadden acted with an intent to deceive. At trial, Fadden planned to argue that the government hadn't shown that he acted with that intent. To bolster this strategy, Fadden proposed the following theory-of-defense instruction:

> It is the theory of the defense that Mr. Fadden did not fail to disclose his inheritance on the schedules for the purpose of deceiving the bankruptcy trustee. Rather, his omissions were part of his continued failures to abide by the particulars demanded in the bankruptcy filings and his course of conduct throughout the bankruptcy, which is inconsistent with an intent to deceive. If you find that Fadden's omissions as charged in counts 1 and 2 were not made with an intent to deceive you must find him not guilty of those counts.

(R. 110 at 5.)

The court rejected Fadden's instruction and instead recited the pattern instructions for the charged offenses. *See Pattern Criminal Jury Instructions of the Seventh Circuit*, 134, 136, 272 (2012 ed., rev. 2013). For the intent component of Count 1, the court instructed that "the government must prove … [t]he defendant knowingly concealed [assets] … [and] acted fraudulently, that is with the intent to deceive any creditor or the bankruptcy judge." (R. 124, Trial Tr., at 136.) As to Count 2, the court told the jury that "the government must prove … [t]he defendant made the declaration, certification or verification under penalty of perjury knowingly and with the intent to deceive any creditor, the trustee or the bankruptcy judge." (*Id.* at 137.) In addition to delivering the elements of Counts 1 and 2—both of which included the requirement that the government prove "intent to deceive"—the court told the jurors that "*knowingly* means that the defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake or accident." (*Id.* at 139–140.)

Throughout the trial, Fadden insisted that it was sloppiness rather than an intent to deceive that led him to omit assets from his schedules. During his opening statement, Fadden's appointed counsel argued that Fadden is a tax cheat and that he doesn't believe he has to pay taxes. Counsel then argued that Fadden was determined to use the bankruptcy proceeding's automatic stay as a lifeline while he collected his inheritance. Fadden contended that he did so carelessly: he got his instructions from Google and did none of the things he needed to do when filing for bankruptcy. Fadden explained that "the heart of this case … is whether … [he] had an intent to deceive." (R. 123, Trial Tr., at 28.) And he argued that the inconsistencies between his answers on his bankruptcy filings

and his interactions with government officials demonstrate that he did not have that intent.

Fadden returned to his theory-of-defense at closing. He related what he saw as the key details—his filing, his receipt of the inheritance, his failure to follow any of the requirements of the bankruptcy proceeding, and his conversations with government officials. Fadden told the jury that those details showed that "there just wasn't an intent to deceive." (R. 124, Trial Tr., at 169.) After closing arguments, the court read the jury its instructions. The jury found Fadden guilty of each count.

On appeal, Fadden challenges the district court's denial of his theory-of-defense instruction as to counts 1 and 2. This, Fadden argues, denied him a fair trial. We find that Fadden was not entitled to this instruction, so we affirm.

## II. ANALYSIS

In general, a defendant is entitled to a theory-of-defense instruction if: the instruction represents a correct statement of the law; the evidence supports the instruction; the theory of defense is not part of the charge to the jury; and the denial of the instruction would deprive the defendant a fair trial. *E.g.*, *United States v. Jackson*, 598 F.3d 340, 349 (7th Cir. 2010). We review the district court's denial of Fadden's instruction *de novo*. *United States v. Canady*, 578 F.3d 665, 672 (7th Cir. 2009). In part, Fadden's instruction fails because it restates the district court's charge. To the extent that it does not, it misstates the law. Therefore, the district court correctly concluded that Fadden was not entitled to his theory-of-defense instruction.

Fadden argues that his statement of law appears in the final sentence of his proposed instructions—"If you find that

Fadden's omissions as charged in Counts 1 and 2 were not made with an intent to deceive you must find him not guilty of those counts." In essence, this would tell jurors not to find Fadden guilty if they found that he acted without an intent to deceive. While that statement of the law is accurate, the court already told the jury all it needed to know. On both counts, the court instructed the jury that the government needed to demonstrate that Fadden acted with "intent to deceive." A defendant is not entitled to the logical equivalent of an instruction the court provides. *See Canady*, 578 F.3d at 672.

To the extent that Fadden's instruction goes beyond the district court's, it misstates the law. Fadden also asked the district court to instruct the jury that his "omissions were part of his continued failures to abide by the particulars demanded in the bankruptcy filings and his course of conduct throughout the bankruptcy, *which is inconsistent with an intent to deceive*." (R. 110 at 5 (emphasis added).) Yet finding that Fadden was careless *and* that he acted with an intent to deceive would have been entirely consistent with the statute. Instructing the jury otherwise, as Fadden requested, would have misstated the law.

### III. CONCLUSION

The jury heard Fadden's defense through the court's charge and during opening and closing arguments. It wasn't persuaded. Fadden's argument that the district court erroneously denied his theory-of-defense instruction falls short as well. In part, Fadden's instruction fails because it did not add any information beyond the court's instruction. And the portion that went beyond the court's instruction misstates the

law. Fadden concedes that he lost a fair fight on Count 3. The same is true for Counts 1 and 2.

AFFIRMED.