**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018[*]
Decided April 17, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-3373

|  |  |
|---|---|
| MICHAEL STARRY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District |
|  | of Wisconsin. |
| *v.* |  |
|  | No. 17-CV-1283 |
| OSHKOSH CORRECTIONAL |  |
| INSTITUTION, | **William C. Griesbach**, |
| *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

Michael Starry, a Wisconsin prisoner, appeals the dismissal of his suit against the Oshkosh Correctional Institution for firing him from his prison job due to his physical limitations. The district judge dismissed the complaint at screening for failure to state a claim of a violation of his due-process rights. *See* 28 U.S.C. § 1915A(b)(1). On appeal,

---

[*] The defendant was not served in the district court and is not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Starry argues that his termination also violated the Americans with Disabilities Act, 42 U.S.C. § 12112(a), and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Although the district judge did not consider any disability-discrimination claims, our review is plenary, and we conclude that Starry cannot state a claim under these statutes either, even overlooking his failure to name any particular state officials or state government agencies as defendants, which we assume could be corrected.

We accept as true the allegations in Starry's complaint and attached documents. *See* FED. R. CIV. P. 10(c); *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Doctors at Oshkosh Correctional Institution restricted Starry to "light duty" work because he suffered from severe knee pain and needed a knee replacement. Starry was hired as a truck worker, but he was later released because it was discovered that he was limited to light-duty work. There were a number of jobs available at the prison that Starry could perform with minimal accommodation, but he was not hired because of his light-duty restriction. Months later, Starry successfully demanded that the restriction be removed.

The district court held correctly that prisoners have no liberty interest in their jobs, and thus Starry could not state a due-process claim. *See Dewalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). But during the screening of a pro se complaint, courts must "analyze a litigant's claims and not just the legal theories that he propounds." *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Here, Starry's allegations clearly suggest a claim for disability discrimination, so we have considered whether the complaint stated a claim under either the Americans with Disabilities Act or the Rehabilitation Act.

Starry asserts that the prison fired him from his job because of his disability, in violation of both the Americans with Disabilities Act and the Rehabilitation Act. *See* 42 U.S.C. §12112; 29 U.S.C. § 794(a). But we have held that the Americans with Disabilities Act does not apply to the employment of prisoners. *Murdock v. Washington*, 193 F.3d 510, 512 (7th Cir. 1999) (finding that Title I did not apply because plaintiff was "an inmate of the prison, not an employee or job applicant"); *see Neisler v. Tuckwell*, 807 F.3d 225, 228 (7th Cir. 2015). Additionally, the Eleventh Amendment shields the prison from suits seeking damages under Title I, "the exclusive remedy under the Act for claims of disability discrimination in employment." *Neisler*, 807 F.3d at 227–28. Starry cannot sidestep this issue by requesting other relief, such as an injunction ordering the prison to create more light-duty jobs, because Starry is no longer limited to light duty. *See Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993).

Nor do we see a viable claim under the Rehabilitation Act. The standards for employment discrimination are the same under both statutes. *See* 29 U.S.C. § 794(d); 29

C.F.R. 1614.203(b); *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004). Thus, we doubt the Rehabilitation Act provides an avenue of relief for prisoners' employment-discrimination claims, either. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (holding inmates are not 'employees' under the Rehabilitation Act).

The judgment of the district court is AFFIRMED. In this appeal, plaintiff Starry has incurred a "strike" under 28 U.S.C. § 1915(g).