**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided November 25, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-1571

| | |
|---|---|
| RAFEAL D. NEWSON,<br>   *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-219 |
| SUPERIOR COURT OF PIMA COUNTY<br>and MILWAUKEE COUNTY CIRCUIT<br>COURT,<br>   *Defendants-Appellees*. | William C. Griesbach,<br>*Judge*. |

**O R D E R**

Rafeal Newson was convicted of first-degree intentional homicide and sentenced to life in prison after he was extradited from Arizona, where he was incarcerated, to Wisconsin pursuant to a detainer. Almost twenty years after his conviction, he sued the

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Superior Court of Pima County, Arizona and the Milwaukee County Circuit Court for violating the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2, § 2, during his extradition. At screening, the district court ruled that it lacked subject-matter jurisdiction over the case, which Newson framed as a breach-of-contract suit, because the parties were not completely diverse. *See* 18 U.S.C. § 1332(a). Because Newson's complaint fails to state a valid claim for relief, and any attempt at amendment would be futile, we affirm the district court's dismissal.

In his complaint, Newson claims that the defendants violated the Detainer Act when an Arizona judge allowed him to be extradited to Wisconsin in 2000 based on an allegedly incomplete extradition packet. According to Newson, the 1996 criminal complaint on which the extradition was based had never been filed or approved by a judge. He seeks $32 million in compensatory and punitive damages for his loss of liberty. He also alleges that he was "kidnapped" from Arizona and is now being "held in slavery," and he asks the district court to order the State of Wisconsin to dismiss the criminal complaint on which he was convicted.

The district court dismissed Newson's case at screening, *see* 28 U.S.C. § 1915A(b), for lack of subject-matter jurisdiction. Taking Newson's breach-of-contract theory at face value, the court concluded that Newson's complaint did not present a federal question and that diversity jurisdiction was lacking because Newson and the Milwaukee County Circuit Court were both citizens of Wisconsin. The court then denied Newson's two motions for reconsideration, determining that he failed to state a claim and that any attempt at amending the complaint would be futile.

On appeal, Newson continues to insist that the defendants breached a contract with him and contends that the district court should have either dismissed the Milwaukee County Circuit Court under Federal Rule of Civil Procedure 21 or allowed him to amend the complaint to cure the lack of complete diversity. Newson is correct that a court can cure jurisdictional defects by dismissing non-essential parties, *see Hurley v. Motor Coach Industries*, 222 F.3d 377, 380 (7th Cir. 2000); FED. R. CIV. P. 21, and that litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). But dismissal may still be appropriate if "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018). That is true here.

In reviewing federal complaints, courts must analyze a plaintiff's claims, not his legal theories. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). To state a claim, a

plaintiff need only narrate his claim with sufficient clarity to put the defendants on notice of its basis; he need not present legal theories at all. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Instead of simply adopting Newson's breach-of-contract theory, then, the district court should have considered whether his allegations of an illegal extradition could plausibly entitle him to relief under any theory.

Newson's suit alleges that he was extradited to Wisconsin in violation of the Detainer Act. A suit to enforce the violation of a federal law by state actors is one under 42 U.S.C. § 1983, and the Supreme Court has held that a prisoner can state a claim under that statute for violations of the Detainer Act. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981). (There are also direct remedies under the Act, but those are not relevant here.) The district court was therefore incorrect to state in its order on reconsideration that Newson's complaint "raised no constitutional questions or questions of federal law."

Nevertheless, we agree that dismissal of the complaint was proper. Leaving aside the problem of seeking damages from an entity of the state, which is not a "person" under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), or from state judges over performance of their judicial functions, *see Stump v. Sparkman*, 435 U.S. 349, 359–60 (1978), Newson cannot state a claim under § 1983 for the wrong he alleges—one that took place decades ago. His request for damages for "illegal extradition" and incarceration is blocked by *Heck v. Humphrey,* 512 U.S. 477 (1994). Unless his Wisconsin conviction or sentence has been invalidated, his claim necessarily impugns their validity. *Id.* at 487; *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000).

A dismissal under *Heck* is without prejudice and does not prevent Newson from seeking relief that is not inconsistent with the validity of his conviction. *See Polzin v. Gage,* 636 F.3d 834, 839 (7th Cir. 2011). For example, if Newson seeks release from prison, he must proceed under 28 U.S.C. § 2254, naming his custodian as the respondent. We express no opinion, however, on whether the violation of the Detainer Act of which Newson complains (extradition on the basis of an allegedly incomplete extradition package) could lend itself to collateral review. *See Reed v. Clark,* 984 F.2d 209, 212 (7th Cir. 1993).

We assess Newson with one "strike" for filing his complaint and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g); *Flynn v. Thatcher*, 819 F.3d 990, 992 (7th Cir. 2016). Although he did not proceed in forma pauperis in the district court or in this court (where he paid the filing fee after the appeal was certified to not be in good faith), he is a "prisoner" within the meaning of § 1915(h) and therefore can incur strikes to deter groundless litigation in the future. The judgment is AFFIRMED.