**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020[*]
Decided November 5, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 18-3736

| | |
|---|---|
| MARLON L. WATFORD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 15-567-SCW |
| ROB JEFFREYS, *et al.*, *Defendants-Appellees*. | Stephen C. Williams, *Magistrate Judge*. |

**O R D E R**

Marlon Watford, a Muslim prisoner at Menard Correctional Center, believes that prison officials violated his Eighth Amendment rights when they raised photocopying

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). Additionally, Rob Jeffreys, who became acting director of the Illinois Department of Corrections after this appeal was filed, has been substituted for John Baldwin as the named appellee. See FED. R. APP. P. 43(c)(2).

charges at the prison's law library and banned the sale of petroleum jelly and baby powder at the commissary. The ban on petroleum jelly, he adds, also violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act. 42 U.S.C. § 2000cc (RLUIPA). The district court entered summary judgment against him on all but one claim and later deemed that remaining claim moot. We affirm.

In 2013, Menard implemented changes that Watford says have affected his well-being. In September, the warden raised photocopying charges in the law library from five to ten cents per page—a fee hike that Watford says ruined him financially, especially because the prison has not raised his stipend. Watford, who describes himself as an active practitioner of Al-Islam, says that the higher fee violates his faith's requirement that he be free from "financial oppression."

Around the same time, prison officials decided that the commissary no longer would stock petroleum jelly and baby powder—items Watford had relied on for personal hygiene (to moisturize his skin and control itching and sweating) and to cleanse his body in preparation for prayer. Prison officials maintained that these toiletry items posed security risks: Petroleum jelly could be used as an accelerant for a fire hot enough to melt plastic into weapons, and baby-powder containers could be used to stash contraband. In 2014, however, officials reversed course and returned petroleum jelly to the commissary. Watford testified that the stress from these prison policies exacerbated his H. pylori scar tissue and triggered both stomach inflammation and irritable-bowel syndrome.

Watford brought this suit under 42 U.S.C. § 1983 and RLUIPA seeking damages and injunctive relief against 13 prison officials, including the director of the Illinois Department of Corrections, Menard's warden, and numerous correctional officers. Early in the proceedings, the district court recruited counsel to help Watford amend his complaint. At screening, see 28 U.S.C. § 1915A, the court allowed Watford to proceed on his claims under the Eighth Amendment—that the photocopy-fee increase was financially oppressive, and that the ban on the toiletry items prevented him from maintaining his hygiene, causing great stress and gastrointestinal issues. The court also allowed him to pursue claims under the First Amendment and RLUIPA with regard to the ban on petroleum jelly—a ban that, he said, burdened his religious rights by interfering with skin-care practices he followed to prepare for prayer.

A magistrate judge presiding with the parties' consent, see 28 U.S.C. § 636(c), eventually entered summary judgment against Watford on most of his claims.

Watford's Eighth Amendment claims failed, the judge ruled, because no evidence showed that his grievances over photocopy fees or the unavailable toiletry items deprived him of the minimal civilized measure of life's necessities, let alone subjected him to a substantial risk of harm. As for his First Amendment claim, the judge continued, the record demonstrated that legitimate penological reasons—security concerns—justified the temporary ban on petroleum jelly. After a bench trial, the judge ruled that Watford's remaining RLUIPA claim (seeking injunctive relief) was moot. Watford filed a post-judgment motion to alter or vacate the judgment, which the court denied.

On appeal Watford challenges the entry of summary judgment on his Eighth Amendment claims, arguing that the district court overlooked two fact questions. He points, first, to the question whether the increased photocopying fees deprived him of basic life necessities. But we recently addressed and rejected this same argument in another of Watford's appeals. See *Watford v. Pfister*, 811 F. App'x 374, 376 (7th Cir. 2020) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To the extent Watford suggests that the fee hike violates the state administrative code's requirement that photocopy costs reflect the facility's actual costs, 20 ILL. ADMIN. CODE § 430.40(a), he is making a point that is neither here nor there for our purposes. The federal constitution is not offended simply because a state statute has been violated. See, *e.g.*, *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020) (citing cases).

The second fact question proposed by Watford concerns the degree of harm he suffered as a result of not being able to obtain petroleum jelly or baby powder from the commissary. As evidence that these items were essential to life's necessities, he highlights the stress and digestive tract issues he says he suffered because of their unavailability. But Watford is bound by his lawyer's concession in responding to the defendants' motion for summary judgment that Watford had no verifiable medical evidence of being physically harmed by the facility's policies. See *Milwaukee Ctr. for Indep., Inc. v. Milwaukee Health Care, LLC*, 929 F.3d 489, 493 (7th Cir. 2019). Even if Watford could prove that his health issues presented a substantial risk of serious harm, nothing in the record reflects that defendants were aware of that risk and disregarded it. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Watford next contends that summary judgment was improper on his First Amendment claim because a material fact dispute exists over the legitimacy of the prison's security justifications for removing petroleum jelly from the commissary. He points to a correctional officer's deposition testimony that hair grease presented the

same risks as petroleum jelly yet never was removed from the commissary. But on this matter, too, Watford's counsel made another binding admission in his response to the summary judgment motion—agreeing that petroleum jelly had been removed for security purposes. In any event, Watford identifies no evidence to support an inference that the prison's reasons for removing petroleum jelly were illegitimate. See *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987); *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013).

Finally, Watford argues that recruited counsel provided deficient performance that effectively deprived him of due process. But he forfeited this argument by not raising it first before the district court. See *Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 601 (7th Cir. 2020). During discovery, the court told Watford on separate occasions that he could move to dismiss counsel if he was dissatisfied with counsel's performance, but Watford stood pat. Regardless, civil litigants have "neither a statutory nor a constitutional right to counsel," and so due process is not at issue. *Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018).

We have considered Watford's remaining arguments, and none has merit. We assess Watford one strike for this frivolous suit and a second one for pursuing this appeal. See 28 U.S.C. § 1915(g); *Flynn v. Thatcher*, 819 F.3d 990, 992 (7th Cir. 2016).

AFFIRMED