┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 13, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2351

| | |
|---|---|
| TIMOTHY ENDRE, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of |
| | Illinois. |
| | |
| *v.* | No. 20-CV-00654-SPM |
| | |
| | Stephen P. McGlynn, |
| ERIC WILLIAMS, | *Judge*. |
| *Respondent-Appellee*.[†] | |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[†] We instruct the clerk of court to remove the United States (which was never served) as respondent. A writ of habeas corpus may be directed only at the petitioner's physical custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

**O R D E R**

Timothy Endre, who entered a plea agreement waiving his right to challenge his conviction or sentence, appeals the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district judge dismissed his case for failure to prosecute. We affirm for the alternate reason that the waiver blocks this action.

In 2015, Endre pleaded guilty to enticing a minor to engage in sexual activity. *See* 18 U.S.C. § 2422(b). His plea agreement contains an appeal waiver through which he "expressly agree[d] not to contest the conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought [under] 28 U.S.C. § 2255." Nevertheless, Endre twice filed motions under § 2255, raising jurisdictional and due-process arguments about his conviction. The district judge rejected the first motion as barred by the waiver and the second as an unauthorized successive habeas corpus action.

In 2020, Endre again sought habeas relief, now in a petition under 28 U.S.C. § 2241. He repeated arguments from his § 2255 actions and added that the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) invalidated his conviction. That decision, which clarified the knowledge element of the felon-in-possession offense under 18 U.S.C. § 922(g), did not address the crime of enticing a minor. Before conducting the preliminary review required by Rules 4 and 1(b) of the Rules Governing Section 2254 Cases (which can be applied to § 2241 cases), the district judge appointed a federal defender for Endre. When counsel found no claim to pursue and was allowed to withdraw, the judge ordered the government to respond to the pro se petition by July 18, 2021, unless Endre withdrew it by June 3.

During this time, orders sent to Endre from the court were returned as undeliverable. Months before this, in October 2020, Endre—who was aware that the local rules required him to update the court in writing within seven days of an address change—had informed the judge of an impending transfer to an unknown facility. Because of the COVID-19 pandemic, he would spend weeks in quarantine when moved and be unable to communicate, so he requested permission to update his address as soon as he was able. Then, in a letter dated February 2021, Endre notified the court of a temporary change of address to the Marion County Jail in Indianapolis. In April, a document mailed to the jail was returned as undeliverable. The next day, the judge issued a "notice of impending dismissal," stating that there was no record of Endre at

the jail and warning him that he must provide his current address within three weeks or his case would be dismissed for want of prosecution. That order and several others were again returned as undeliverable. Endre did not file the address change within three weeks, and the judge kept his word: on May 14, 2021, he dismissed the case.

On July 1, the judge received a letter from Endre providing his new address and requesting a status update. Endre stated that, because of transfers for a civil trial and pandemic quarantine protocols, he had not received mail about his case since October 2020 (when he had sent the letter foreshadowing communication problems). He asked the judge to "set a reasonable deadline for any he may have missed." The judge responded that the case was dismissed for lack of prosecution.

On appeal, Endre argues that the judge abused his discretion by dismissing the case for failure to prosecute based on the single missed deadline to update his address—a deadline of which he was unaware.[1] Our review of a dismissal for failure to prosecute is deferential, but "a court is required to show a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as the prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). We question whether that standard was met here. The judge did not make any findings about Endre's conduct. And the record shows that Endre (1) alerted the judge on multiple occasions of impending transfers and communication challenges (which stemmed in part from the pandemic and in part because of his trial attendance); (2) sought status updates multiple times while awaiting the preliminary review of his petition (which the judge never conducted); and (3) resumed contact as soon (he says) as he was able. This does not strike us as delay or contumacious conduct. And the judge made no finding that Endre had been untruthful when he represented that he was unaware of the three-week deadline to update his address.

---

[1] In his brief, Endre asks to incorporate his filing entitled "Memorandum in Support of Proceeding." (App. Doc. 6). We ordinarily do not allow the incorporation of arguments by reference, *see Norfleet v. Walker*, 684 F.3d 688, 690–91 (7th Cir. 2012), but because he is attempting to incorporate a document filed in this, not another, court, and the combined page lengths do not exceed what is permitted for an opening brief, FED. R. APP. P. 32(a)(7)(A), we construe the request as a motion and grant it.

Further, at the time Endre was out of contact, the onus was on the government to respond to the pro se petition and the judge to conduct the preliminary review. Thus, the government suffered no prejudice; Endre reappeared before the government's deadline to respond to his petition. *Id.* at 862–63. Under these circumstances, dismissal for a single missed deadline that caused no delay in the case appears "harsh." *Id.*

We need not decide whether the decision was an abuse of discretion, however, because any remand would be futile. As the government points out, the appeal waiver in Endre's plea agreement blocks his petition. Although we generally affirm on other grounds only when the alternative rationale was developed in the district court, *see Youngman v. Peoria Cnty.*, 947 F.3d 1037, 1041 (7th Cir. 2020), the government did not have an opportunity to file anything in the district court. Before presenting its waiver argument here, it might have moved to supplement the record. But, in any case, the plea agreement is a public record of which we can take judicial notice. *See J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021). It shows that Endre waived the right to collaterally attack his conviction or sentence, so his § 2241 petition falls within the scope of the waiver. *See Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021).

In reply, Endre advances two arguments against the waiver's enforceability, but neither is convincing. First, he argues that his petition raises a non-waivable jurisdictional challenge, but an express waiver such as his blocks even jurisdictional arguments in a collateral attack. *See Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020) (collateral-appeal waiver barred consideration of arguments whether they were labeled "jurisdictional" or not). And, regardless, the argument he characterizes as jurisdictional is, under scrutiny, just a challenge to the adequacy of the factual basis for his conviction. Second, Endre maintains that the waiver is not enforceable because he refused to sign a form, which he says was presented to him when he signed his plea agreement, confirming he was waiving his appeal rights. But the signed plea agreement contains the waiver provision; no additional signature was required to make it effective.

We have considered Endre's other arguments, and none requires discussion.

AFFIRMED