In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 17-1758

THOMAS EDWARD CHAPMAN,

*Plaintiff-Appellant,*

*v.*

YELLOW CAB COOPERATIVE and ALI MOHAMED,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 15-CV-533-JPS — **J.P. Stadtmueller**, *Judge.*

---

SUBMITTED OCTOBER 23, 2017 — DECIDED NOVEMBER 16, 2017

---

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Dennis Edwards owns a taxi-cab in Milwaukee. Yellow Cab Cooperative refers business to his cab; other arrangements between Edwards and Yellow Cab are not in the record. Edwards leased the cab to Parashu Giri, who subleased some of the time to Thomas Chapman. Apparently Giri and Chapman shared the cab so that it could be in service much of the day. Chapman received fares

and tips from passengers, paid rent to Giri, and kept the dif-
ference; he did not pay anything to Yellow Cab or receive
anything from it.

Chapman contends in this suit under the Fair Labor
Standards Act that this arrangement makes him an "em-
ployee" of Yellow Cab. He alleges that, after he complained
about not receiving the minimum wage, Ali Mohamed, the
President of Yellow Cab, told Giri that Chapman was "fired"
(in other words, would not be dispatched to passengers who
called Yellow Cab seeking a ride). Giri then terminated the
sublease. Chapman submits that Mohamed's action violates
the Act's antiretaliation clause, 29 U.S.C. §215(a)(3).

District Judge Randa dismissed all of Chapman's other
theories and directed him to file a new complaint. 2016 U.S.
Dist. LEXIS 23166 (E.D. Wis. Feb. 24, 2016). The amended
complaint was assigned to Judge Stadtmueller, who con-
cluded that Chapman "must provide more detailed and
thorough allegations before the claim can be permitted to
proceed." 2016 U.S. Dist. LEXIS 163586 at *8 (E.D. Wis. Nov.
28, 2016). The judge stated that the complaint had not dis-
cussed all of the "factors" identified in *Secretary of Labor v.
Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987), as potentially
relevant to the distinction between an employee and an in-
dependent contractor. Because "Chapman's allegations, even
construed liberally, do not address these factors" (2016 U.S.
Dist. LEXIS 163586 at *12), the judge ordered Chapman to file
yet another complaint. The final version was filed and dis-
missed with prejudice. 2017 U.S. Dist. LEXIS 49309 (E.D. Wis.
Mar. 31, 2017). The judge stated that Chapman still had not
addressed all of the factors mentioned in *Lauritzen* and by

the Supreme Court in decisions such as *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947).

To the extent the district court demanded that complaints plead facts—not only facts that bear on the statutory elements of a claim, but also facts that bear on judicially established standards—it was mistaken. Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory. See Fed. R. Civ. P. 8. Old code-pleading and fact-pleading systems were abandoned. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Because complaints need not identify the applicable law, see *Johnson v. Shelby*, 135 S. Ct. 346 (2014); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.

It is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (citation omitted). A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order. So both the Supreme Court and this court have held when rejecting contentions that Rule 8 as understood in *Twombly* requires fact pleading. See *Erickson v. Pardus*, 551 U.S. 89 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). See also, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) (Rule 8 does not call for the pleading of all facts required to prevail). *Twombly* cited *Swierkiewicz* with approval, see 550 U.S. at 555–56, 563, 569–70. So did *Johnson*, 135 S. Ct. at 347, and *Skinner*, 562 U.S. at 530.

Perhaps the district court meant to do no more than rely on the plausibility standard of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Chapman's claim seems implausible because it does not allege any direct dealings between himself and Yellow Cab. Instead it alleges that Edwards owns the taxi, that Edwards leases the taxi to Giri, and that Giri subleased it to Chapman. Many decisions, of which *Callahan v. Chicago*, 813 F.3d 658 (7th Cir. 2016), is an example, hold that one does not become an "employee" of an entity several steps removed in a chain of business relations just because that entity's decisions may have some effect on income.

Although Chapman's claim as presented does not seem plausible, the district court did not reject it on that ground—and a desire for plausibility would not be enough to require a complaint to contain facts matching all statutory "elements" and judicial "factors," for *Twombly* and its successors disparage such demands. Perhaps, however, we should understand the district court's order as one under Rule 12(e):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Rule 12(e), rather than a judicial demand for fact pleading, is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively. See *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 665 (7th Cir. 2007). Giv-

ing the district court the benefit of the doubt, we treat its order as one under Rule 12(e).

If Chapman had responded to that order with additional details, and the district court still had dismissed the complaint for failure to plead facts matching "elements" or "factors," we would be obliged to reverse. Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system. But Chapman did not respond with a plausible claim. He not only failed to provide additional details but also insisted that, because Yellow Cab affected or controlled his driving through the chain of leases starting with Edwards, then Yellow Cab must be his employer. That approach, equating regulatory authority with employment, was rejected in *Callahan*. By disobeying the district court's order, while adding a legal theory, Chapman made his claim *less* plausible. Rule 12(e) authorizes the district court to enter any "appropriate order" when the plaintiff does not comply, and after Chapman's multiple failed efforts to frame a plausible claim the most appropriate order was the one the district court employed—dismissal with prejudice.

Chapman's brief on appeal presents new allegations that make his claim of an employment relation seem stronger. But the place and time to make those allegations was in the district court, in response to the judge's order. A plaintiff who disobeys an order from a district judge cannot hope to have his case revived by attempting belated compliance in the court of appeals.

AFFIRMED