**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 2, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2813

| | |
|---|---|
| ANTUAN VALENTINO LITTLE, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-cv-130-pp |
| T. MOON and SGT. TRITT,[1] <br> *Defendants-Appellees.* | Pamela Pepper, <br> *Judge.* |

## O R D E R

Two officials at a Wisconsin prison allegedly destroyed Antuan Little's photographs of his mother, so he has sued them for violating the Eighth Amendment through their deliberate indifference to his mental health. The district court dismissed

---

[*] The defendants were not served with process in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[1] We have copied the names of the defendants as they were named in the complaint. The record does not indicate their proper names.

his complaint at screening, *see* 28 U.S.C. § 1915A, explaining that he failed to state a claim. That reasoning is correct, so we affirm the dismissal.

We review the dismissal de novo, taking the allegations of Little's last-filed complaint as true. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). During Little's transfer to Waupun Correctional Institution, staff determined that he had brought more photographs with him than the prison permitted. They confiscated the excess and advised Little that he could either send the extra photos home, destroy them, or file an internal complaint to contest their decision to confiscate. Little complained to "T. Moon" (an inmate complaint examiner) that some photographs attributed to him were not his, and he wished to exchange them for his "family photographs" that had been confiscated. Moon recommended that the prison dismiss Little's complaint, and he told Little to "notify the property department of his chosen method of disposal after his appeal or as soon as possible if not appealing." Little appealed, but while his appeal was pending, his photographs were destroyed by, he claims, Moon and "Sgt. Tritt." They were photos of his recently deceased mother.

Little sued Moon and Sgt. Tritt, asserting that the destruction caused him mental anguish in violation of the Eighth Amendment. (He also alleged that the destruction deprived him of property without due process. But the court dismissed that claim at screening because Little had a post-deprivation remedy in state court, and Little does not contest that decision.) The court dismissed the Eighth Amendment claim, explaining that Little had not alleged whether Moon and Tritt "knew that the photos were pictures of the plaintiff's mother," "that she had passed away," and that "losing the photos would cause the plaintiff significant emotional harm." Allowing him a chance to cure these defects, the court gave Little leave to amend his complaint. The amended complaint adds that "with evil or malicious intent" the defendants destroyed the photos, knowing that they were pictures of his beloved, deceased mother. The court dismissed Little's amended complaint for failure to state a claim, observing that Little had still failed to allege that Moon and Tritt "knew that destroying the photographs would inflict deep pain on the plaintiff."

Little contends that the district court wrongly concluded that he failed to state a claim. To state an Eighth Amendment violation, Little needed to allege that the defendants inflicted serious harm on him and that they did so intentionally or with deliberate indifference to the substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Prison Litigation Reform Act precludes an inmate from recovering compensatory damages for mental injury—the only injury that Little

alleges—if the inmate does not also have a physical injury—which Little does not allege. *See* 42 U.S.C. § 1997e(e). Little seeks to avoid this bar by asking for only nominal and punitive damages. *See Calhoun v. DeTella*, 319 F.3d 936, 940-43 (7th Cir. 2003).

Even so, Little's claim is doomed for two reasons. First, he did not allege that Moon and Tritt knew of, or recklessly ignored, a substantial risk that by destroying the photographs they would seriously devastate Little's mental health. *See Farmer*, 511 U.S. at 837; *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012). The absence of a culpable state of mind regarding the inflicted injury is fatal to the complaint. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Second, Little failed to make this allegation despite a direction from the judge that he allege (if it were true) this culpable state of mind. Under Federal Rule of Civil Procedure 12(e), a district judge may ask a plaintiff "to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). But if a plaintiff does not comply with a reasonable order for details under Rule 12(e), a district court may dismiss the complaint with prejudice. *Id.*

The district court dismissed Little's complaint under 28 U.S.C. § 1915A(b)(1), so he has accrued a strike on appeal, *Flynn v. Thatcher*, 819 F.3d 990, 992 (7th Cir. 2016).

AFFIRMED