NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided December 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 18-2978

| | |
|---|---|
| ALLEN BEDYNEK STUMM, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-057-wmc |
| ROBERT WILKIE, Secretary of Veterans Affairs, *Defendant-Appellee.* | William M. Conley, *Judge.* |

**O R D E R**

Allen Bedynek Stumm sued the federal Department of Veterans Affairs for discriminating against him by twice hiring younger women instead of him. In a series of orders, the district court dismissed his various claims. Because the district court did not apply the proper pleading standard, we vacate in part and remand.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In 2001 and 2004, Stumm applied and interviewed for open positions in the Department, but each time a younger, female applicant was hired. Stumm filed charges of discrimination with the Equal Employment Opportunity Commission over the second hiring decision. *See* 29 U.S.C. § 633a(b). The Commission found that the Department had discriminated against Stumm based on age but not sex. *Bedynek-Stumm v. Shinseki*, EEOC Decision No. 0720060054, 2008 WL 559463, at *3–5 (Feb. 20, 2008). The Commission ordered the Department to offer Stumm employment, which Stumm would be required to accept within fifteen days, and to calculate appropriate back pay and benefits. *Id*. Neither party requested reconsideration, and Stumm did not file a civil action within 90 days to challenge the adverse decision on sex discrimination.

The Department made three job offers to Stumm between April and August of 2008; Stumm believed that each fell short with respect to the pay grade and retroactive start date, so he did not accept. Stumm also refused to provide the Department with information related to the amount of back pay owed. Instead, Stumm asked the Commission to enforce its remedial order. *See* 29 C.F.R. § 1614.503(a). The Commission concluded, however, that the Department's third offer complied with its order, and that the Department was discharged of its duty to hire Stumm because he had not timely accepted. It also ordered that interest stop accruing on Stumm's back pay due to his refusal to provide necessary information. *Bedynek-Stumm v. Shinseki*, EEOC Decision No. 0120111340, 2011 WL 2596958, at *6–7 (June 22, 2011). Stumm's timely request for reconsideration was denied. *Bedynek-Stumm v. Shinseki*, EEOC Decision No. 0520110587, 2011 WL 5894136, at *3 (Nov. 15, 2011).

Stumm then filed this civil action in forma pauperis, and the district court screened his complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Initially, the district court interpreted the complaint as alleging violations of the Equal Pay Act and, relying on an incorrect filing date, dismissed for lack of subject-matter jurisdiction. After Stumm moved for reconsideration, the district court reinterpreted the complaint as asserting sex and age discrimination claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, respectively, based on the Department's failure to hire him.[1] But the court determined that Stumm had insufficiently pleaded those claims and dismissed them. The court allowed Stumm to proceed with a claim that the

---

[1] The district court noted that Stumm mentioned "race, disability, and retaliation" in his complaint, but it could discern only sex and age discrimination claims based on the factual allegations that younger women were hired instead of him.

Department violated the Equal Pay Act by making job offers in 2008 at the wrong pay grade and retroactive hiring date.

The Department then moved to dismiss that claim, arguing that it was time barred and that, as a prospective employee, Stumm could not obtain relief under the Equal Pay Act. The Department also argued that Stumm had already used his two avenues for relief from the Department's alleged violation of the Commission's remedial order. He had unsuccessfully petitioned the Commission for enforcement, and he had filed freestanding discrimination claims, which the district court had dismissed at screening. The district court initially denied the motion to dismiss, determining that Stumm could seek judicial review of the Commission's decision not to enforce its remedial order and, further, that the suit was not time barred because it was filed within 90 days of the Commission's reconsideration decision. At the same time, the court denied Stumm's motion for recruitment of counsel.

The Department moved for reconsideration or clarification because the court's screening order had interpreted Stumm's complaint as bringing an original claim under the Equal Pay Act, while the next order referred to a claim for enforcement of the remedial order. If Stumm had in fact brought an enforcement action, the Department argued, then federal regulations required, as a prerequisite to suit, a finding of noncompliance by the Commission. *See* 29 C.F.R. § 1614.503(g). The district court agreed, dismissed the case, and denied Stumm's additional motions for the assistance of counsel as "moot." Stumm filed a motion to alter the judgment, which the court denied.

Construing Stumm's appellate brief generously, we can discern an argument that the district court erred in dismissing his claims of age and sex discrimination. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (We "construe pro se filings liberally, and we will address any cogent arguments we are able to discern."). We agree because the district court demanded too much specificity in Stumm's complaint.

In concluding that Stumm failed to adequately plead discrimination, the district court cited two cases—*Stockwell v. City of Harvey*, 597 F.3d 895 (7th Cir. 2010) and *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467 (7th Cir. 2000)—that considered claims of discrimination at summary judgment. But a motion for summary judgment requires the plaintiff to produce some proof of his claims; pleading standards are different. In this type of case, a plaintiff need plead only the type of discrimination, when it occurred, and by whom. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514–15 (2002); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (concluding that *Swierkiewicz* survived *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

And no matter the type of case (as long as Rule 9(b) is not involved), a plaintiff is not required to plead legal theories, let alone to plead facts that correspond to "elements" of any particular claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017); *see also Johnson v. Shelby*, 574 U.S. 10, 11 (2014) (explaining that the Federal Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory"). That is exactly what the district court required here in concluding at screening that "there is no allegation to satisfy the first element in a reverse discrimination claim" and that, with respect to age discrimination, Stumm failed to allege his age, the age of the women hired in his stead, or that the women were at least ten years younger.

Under federal notice pleading standards, Stumm adequately alleged that his age and sex motivated the Department to hire other candidates instead of him. Stumm will be required to prove the elements that the district court identified, but the evidentiary burden that he must *eventually* meet differs from what he must allege to avoid dismissal. *See Chapman*, 875 F.3d at 848.

The Department asserts that dismissal of the sex discrimination claim was proper for the alternative reason that it was time barred. Stumm never instituted proceedings about the Department's 2001 hiring decision before filing this case. *See* 42 U.S.C. § 2000e-5(e)(1). And in its decision about the 2004 hiring decision, the Commission found no evidence of sex discrimination, but Stumm did not bring a federal action challenging that determination within 90 days. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring claimant file civil action within 90 days of Commission's dismissal); 29 C.F.R. § 1614.407 (same). We therefore will affirm the dismissal of Stumm's sex discrimination claim on this alternative ground.

The Department does not argue that the age discrimination claim is also time barred, and we will not consider that affirmative defense sua sponte. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000) (we will not review sua sponte non-jurisdictional statute of limitations defenses); *Wheeldon v. Monon Corp.*, 946 F.2d 533, 536 (7th Cir. 1991) (Age Discrimination in Employment Act's statute of limitations is not jurisdictional). If the Department raises that defense in further proceedings, the district court will need to decide an issue of first impression: whether the time to file an original federal action challenging the underlying discrimination runs anew from the Commission's final decision in an enforcement action, or whether such a claim may be filed only within 90 days of the Commission's initial remedial decision. To answer that question, the district court will first need to address its underlying premise: that a claimant who prevails on administrative charges of discrimination may bring

original claims in federal court for the same discrimination because he is dissatisfied with the remedy. Neither issue is resolved by this order.

Because Stumm's age discrimination claim should not have been dismissed on the pleadings, any way of litigating it and prevailing (or not) is potentially open on remand, including a direct action, a challenge to the Commission's nonenforcement decision, or something different. We do not express any opinion on the relationship between Stumm's claim and the Commission's decision that the Department complied with its remedial order.

We construe Stumm's appellate brief as taking issue with two other decisions of the district court. First, Stumm asserts that the district court not only erred in refusing to recruit counsel on his behalf, but also denied his right to due process. Civil litigants have "neither a statutory nor a constitutional right to counsel," so due process is not at issue. *Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018). A district court has discretion to recruit counsel for an indigent litigant who (1) has made a reasonable attempt to obtain counsel and (2), given the difficulty of the case, is not capable of litigating it himself. *Id.* at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The district court did not abuse its discretion by denying Stumm's first request because Stumm failed to show that he had sought assistance from more than one law firm. The district court denied Stumm's later requests in light of the dismissal of the complaint. Because the case will continue, the district court can assess on remand whether recruitment of counsel is warranted.

Stumm also asserts that he has been unfairly prevented from "investigating" Department employees who he believes "stole" his back-pay checks. (The Department explained to the district court that it has "maintained possession of the back-pay payment pending the resolution of this action.") We construe this as a challenge to the protective order prohibiting Stumm from directly serving discovery on these employees. Because discovery requests directed at a represented party's employees must be made through counsel, *see* FED. R. CIV. P. 5(b)(1), the district court rightly entered the protective order.

We VACATE the judgment with respect to Stumm's age discrimination claim and REMAND for further proceedings. In all other respects, we AFFIRM.