In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3244

FADEEL SHUHAIBER,

*Plaintiff-Appellant,*

*v.*

ILLINOIS DEPARTMENT OF CORRECTIONS,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-03289 — **Edmond E. Chang,** *Judge.*

SUBMITTED SEPTEMBER 17, 2020[*] —

DECIDED NOVEMBER 19, 2020

Before HAMILTON, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Fadeel Shuhaiber is confined to a
wheelchair. Following the district court's dismissal of claims

[*]We have agreed to decide the case without oral argument because the
briefs and record adequately present the facts and legal arguments, and
oral argument would not significantly aid the court. FED. R. APP. P.
34(a)(2)(C).

he brought against the Illinois Department of Corrections under the Americans with Disabilities Act and Rehabilitation Act, Shuhaiber appealed and, based on his impoverished status, sought permission to proceed on appeal without prepaying the requisite filing fee. By the time he filed the appeal, Shuhaiber, a native of the United Arab Emirates, had been transferred to the custody of the Department of Homeland Security for removal from the United States. The change in custody matters because Shuhaiber, as a frequent filer of federal lawsuits, had accumulated more than three strikes under the Prison Litigation Reform Act for filing frivolous lawsuits, and therefore would have had to prepay the filing fee to appeal the district court's dismissal of his claims. Doubting that Shuhaiber was still a "prisoner," the district court granted his motion to proceed *in forma pauperis*.

We agree and hold, in alignment with all other circuits to have addressed the question, that the appellate filing-fee bar does not apply where, as here, the appellant is being held by immigration authorities and thus no longer is a "prisoner" within the meaning of the PLRA. That conclusion does not lead very far for Shuhaiber, however, as the district court was also right to dismiss his claims, leaving us to affirm.

## I

Shuhaiber's complaint focused on events during his stay at the Stateville Northern Reception and Classification Center in Joliet, Illinois. He alleged that the institution failed to accommodate his disability by confining him to a cell unsuited to an inmate confined to a wheelchair. Not only was the cell too small to maneuver easily within, but, as Shuhaiber contended, he struggled to get into his lower bunk and use the table. He likewise complained of being transported to

physical therapy appointments in vans that were not ADA-compliant, leaving him to depend on an officer to lift him into the vehicles.

Invoking Federal Rule of Civil Procedure 12(b)(6), the Department of Corrections moved to dismiss Shuhaiber's complaint. The district court granted the motion and dismissed the complaint without prejudice, determining that Shuhaiber failed to allege that he was deprived of access to facilities or services or that anything about the Department's vans caused him to miss medical appointments. In so ruling, the district court gave Shuhaiber a month within which to file an amended complaint clarifying and more fully advancing his allegations.

During the ensuing 30 days, Shuhaiber finished serving his sentence and was transferred to the custody of the Department of Homeland Security pending ongoing removal proceedings. This changed circumstance resulted in the district court giving Shuhaiber another month within which to file an amended complaint. After that new deadline passed, Shuhaiber sought another extension of time while simultaneously indicating he wanted to appeal the court's prior dismissal order.

We dismissed Shuhaiber's appeal for non-payment of fees. Order, *Shuhaiber v. Ill. Dep't of Corr.*, No. 19-2344 (7th Cir. Oct. 4, 2019). The district court reacted by then entering a final order dismissing Shuhaiber's case with prejudice on the basis that he had failed to respond to the prior order allowing an amended complaint. Shuhaiber appealed from that final order. Recognizing that Shuhaiber was no longer a prisoner serving a criminal sentence, the district court granted his request to proceed *in forma pauperis*.

## II

We begin by addressing whether Shuhaiber's *in forma pauperis* status on appeal is proper. The Prison Litigation Reform Act, which everyone calls the PLRA, places several restrictions on prisoners' access to federal civil litigation. Relevant here is the PLRA's "three strikes" provision, which prevents prisoners from appealing a judgment in a civil action without the prepayment of the filing fee if they have accumulated three or more strikes and do not allege circumstances in which they face an imminent danger of physical harm. 28 U.S.C. § 1915(g); see *Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004) ("[T]he … three-strikes rule[] appl[ies] to prisoners only.").

The question is whether Shuhaiber, upon leaving the custody of the Department of Corrections and being detained by DHS (by which time he had accumulated five "strikes"), remained a "prisoner" within the meaning of the PLRA. Congress has answered the question by defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of *criminal* law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added). The analysis from here is straightforward, for once Shuhaiber entered DHS's custody on the immigration detainer he ceased being confined for any violation of criminal law—indeed, he had finished serving his Illinois sentence. What is more, "[immigration] removal proceedings are civil, not criminal," in nature. *Gutierrez-Berdin v. Holder*, 618 F.3d 647, 652 (7th Cir. 2010) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984)).

Like the three other circuits to have considered the question, we too now conclude that a person held only on an immigration detainer is not a "prisoner" within the meaning of the PLRA and therefore is not subject to its filing fee requirements. See *Agyeman v. INS*, 296 F.3d 871, 885–86 (9th Cir. 2002) (analyzing PLRA's definition of prisoner and nature of deportation proceedings and reaching the same conclusion); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998) (employing same reasoning and reaching the same conclusion); *Ojo v. INS*, 106 F.3d 680, 682–83 (5th Cir. 1997) (same).

The upshot is that allowing Shuhaiber to proceed *in forma pauperis* does not violate the PLRA.

### III

On the merits, the district court was right to dismiss with prejudice Shuhaiber's claims under the ADA and Rehabilitation Act. To state a claim under the ADA or Rehabilitation Act, Shuhaiber had to allege facts plausibly suggesting that he is a qualified person with a disability and "was denied the benefits of the services, programs, or activities" of the Center because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citation and quotation marks omitted). He failed to do so. Although alleging difficulties with his cell, the showers, and the vans, Shuhaiber did not say anything about his particular circumstances or accommodations that kept him from accessing the Center's facilities or services on the same basis as other inmates. See *id*. at 592–93; *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). And, while invited by the district court to amend his complaint to add allegations about missing medical appointments because of the inadequacy of the Center's vans, Shuhaiber never did so. See *Wagoner*, 778 F.3d at 593 (concluding that the inconvenience of

transport in a noncompliant van does not amount to denial of services).

Further, Shuhaiber is mistaken with his contention that the district court held him to a fact pleading requirement at odds with Federal Rule of Civil Procedure 8(a). Nothing in the district court's orders even hints at a requirement that Shuhaiber plead facts corresponding to the elements of his ADA and Rehabilitation Act claims and theory of proof. See *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("To the extent the district court demanded that complaints plead facts—not only facts that bear on the statutory elements of a claim, but also facts that bear on judicially established standards—it was mistaken.").

To be sure, Federal Rule of Civil Procedure 12(e) allows district courts to ask a plaintiff to provide "details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Id*. at 849. If a plaintiff does not comply with a reasonable order for such details, a district court may dismiss the complaint with prejudice. *Id*. That is all that happened here, and, in the end, the district court committed no error in dismissing Shuhaiber's case with prejudice.

Finally, it is too late for Shuhaiber to use his appellate briefs to submit documents purporting to demonstrate that he missed three physical therapy appointments (out of thirty-eight) due to the lack of an ADA-compliant van. See *id*. These facts, if true, were known to Shuhaiber all along, and he should have included them in an amended complaint. The time has come and gone for him to do so, however.

For these reasons, we AFFIRM.