**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 22, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 21-1344 & 21-2531

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 3833 |
| FELIPE N. GOMEZ, *Defendant-Appellant*. | Thomas M. Durkin, *Judge*. |

## O R D E R

To avoid liability over disputed funds, Charles Schwab & Co., Inc., filed an interpleader suit against Felipe Gomez and his adult son, Arthur. The district court

---

[*] We deny Felipe's motion to hold the appeal in abeyance pending resolution of later-filed cases. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

accepted Schwab's proposed transfer of funds, relieved Schwab of liability, and sanctioned Felipe for abusive litigation conduct. Felipe appeals, arguing that the court lacked subject-matter jurisdiction. Diversity jurisdiction is satisfied, and so we affirm.

This dispute arises out of a bequest of about $300,000 from Arthur's grandmother in accounts held by Schwab. Purporting to be Arthur's "agent," Felipe demanded that Schwab let him control the funds bequeathed to Arthur. Schwab filed this interpleader action, *see* FED. R. CIV. P. 22, to resolve whether the father or son controlled those funds. (Another interpleader suit against Felipe, by another business, is the subject of appeal No. 20-3349.) Schwab invoked diversity jurisdiction, stating that it, the plaintiff, is incorporated and headquartered in California; the Gomezes, the defendants, are Illinois citizens; and the amount in controversy is over $75,000.

In this litigation, Felipe represented only himself. After Schwab filed its suit, the Executive Committee of the Northern District of Illinois suspended Felipe from practicing law for four years based on litigation misconduct in this and other cases. Felipe withdrew as Arthur's counsel, and the court recruited a lawyer for Arthur.

The litigation was protracted and contentious. Schwab asked the district court to discharge it from liability by allowing it to transfer the funds to a court-supervised account and let the defendants litigate who rightly controls it. Felipe sought to prevent that outcome. He petitioned in state court for a declaratory judgment that he had custody over the Schwab accounts, he filed for bankruptcy protection, and he sought to stay this suit based on those two cases. That attempt failed, however, when those cases were dismissed for lack of prosecution. Felipe also moved for a more definite statement of Schwab's claim, *see* FED. R. CIV. P. 12(e), and sought several extensions to respond to Schwab's complaint. The district court ruled that Felipe could "respond intelligently" to Schwab's complaint and extended deadlines to allow him to do so.

The suit ended after two years of expensive litigation. Despite Felipe's resistance, Schwab worked with Arthur's lawyer to create the court-supervised account. The court eventually granted Schwab's motion for discharge of liability and awarded it about $70,000 in fees from those funds (after the parties failed to settle the fee issue before a magistrate judge). The discharge and case termination were subject to proof that the funds had been transferred to Arthur. Felipe filed a notice of appeal and then moved for the district judge to recuse himself, arguing that the judge's past affiliation with the law firm that represented Schwab created a conflict of interest. The court denied that motion and terminated the case after Schwab furnished proof that the transfer to Arthur had

occurred. The district court did not enter judgment on a separate document as required by Rule 58 of the Federal Rules of Civil Procedure. Nonetheless, within the time allowed to appeal the order terminating the case, Felipe timely filed an "amended notice of appeal." S*ee* FED. R. APP. P. 4(a)(7)(A). We have consolidated both appeals.

On appeal, Felipe principally argues that the district court lacked authority to proceed under 28 U.S.C. § 1335, the interpleader statute. He contends that, because in his view he is Arthur's "agent," the two defendants are not "adverse" in the way that § 1335 requires. But Schwab invoked Rule 22 of the Federal Rules of Civil Procedure. Rule interpleader is based on "general jurisdiction statutes applicable to civil actions in the federal courts." *Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 704 (7th Cir. 2014). And Schwab properly based its suit under diversity jurisdiction. 28 U.S.C. § 1332. Felipe does not dispute that he and Arthur, the two defendants, are both diverse from Schwab, the plaintiff, just as § 1332 requires. *See Arnold*, 752 F.3d at 704. Furthermore, the amount in controversy—$300,000—is well above the statutory minimum.

Schwab also satisfied the requirements of Rule 22. The Rule requires that Schwab plead that it "has a real and reasonable fear of double liability or conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Given Felipe's demand to control funds that appeared to have been bequeathed to Arthur, Schwab met that standard. Felipe's response—that he is Arthur's agent—did not extinguish Schwab's fears because Felipe steadfastly opposed any control by Arthur over the funds.

Felipe next contends that "all orders" from the district court are void because the court showed unwarranted "favoritism" towards Schwab. He singles out the court's denial of his Rule 12(e) and recusal motions. But adverse rulings are not evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). And the rulings were justified. Case-management rulings, like Rule 12(e) orders, are discretionary. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Here, the court reasonably ruled that Felipe could intelligently respond to Schwab's complaint, which described the funds under dispute and the clash over control. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). It also helpfully extended the deadlines for Felipe to respond. The court's denial of the recusal request was also proper. Felipe sought recusal after he appealed, when the district court had relinquished jurisdiction and thus could not grant the motion—although the court could deny the motion, as it did. *See* FED. R. CIV. P. 62.1(a)(2). And denial was proper because the motion—filed 14 months after Felipe learned of the judge's past affiliation—was not filed "at the earliest moment." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (internal quotation marks omitted).

Finally, Felipe argues on appeal that he was prejudiced by the Executive Committee's disbarment orders. But Felipe has already unsuccessfully appealed those orders, *see* Nos. 19-3015, 20-1420, and he may not collaterally attack them here.

AFFIRMED